FILED

2025 Feb-11 PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-1235-GMB |
| | ) | |
| BIRMINGHAM VETERANS | ) | |
| AFFAIRS MEDICAL CENTER | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| CHRISTOPHER D. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-1438-GMB |
| | ) | |
| BIRMINGHAM VETERANS | ) | |
| AFFAIRS MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Birmingham Veterans Affairs Medical Center (the "VA") moves

to dismiss the consolidated complaints filed by *pro se* Plaintiff Christopher D.

Jackson. Docs. 2 & 13.[1]  The motions are fully briefed (Docs. 2, 5, 13–16) and ripe

_____

[1] Because the court consolidated the cases, the docket numbers cited in this memorandum opinion
and order refer to the lead case (24-cv-1235) unless otherwise specified.

for decision.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 7; Doc. 6 in 24-cv-1438-GMB. For the following reasons, the motions are due to be granted but the court will give Jackson a final opportunity to remedy the deficiencies in his complaints.

## I.  PROCEDURAL HISTORY

Jackson filed two state-court complaints against the VA.  He filed the first complaint in the District Court of Jefferson County (Doc. 1-1), and the VA removed it to this court under 28 U.S.C. § 1442(a)(1). Doc. 1.  He filed his second complaint in the Circuit Court of Jefferson County (Doc. 1-1 in 24-cv-1438-GMB), and the VA again removed the complaint to this court under § 1442(a)(1). Doc. 1 in 24-cv-1438-GMB.  The court then granted the VA's motion to consolidate the two cases. Docs. 9 & 10.

Before consolidation, the VA filed a motion to dismiss the lead case. Doc. 2. Jackson filed a response to the motion (Doc. 5), but the VA did not file a reply despite an opportunity to do so.  After consolidation, the VA filed a similar motion to dismiss the second case. Doc. 13.  Jackson filed a "Counter-Motion Respon[se]" and an "Extended Counter-Motion Response" to the motion to dismiss. Docs. 14 & 15.  The VA filed a reply. Doc. 16.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a

complaint for "failure to state a claim upon which relief can be granted." That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Similarly, Rule 10(b) requires "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks and citation omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," id., and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010). "A district court has the inherent authority to control its docket and ensure the prompt resolutions of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks and citation omitted); *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). However, the pleading party should have at least one chance to remedy deficiencies before a dismissal with prejudice on shotgun pleading grounds. *Vibe Micro, Inc.*, 878 F.3d at 1295; *Jackson*, 898 F.3d at 1358.

## III.  THE COMPLAINTS

Jackson filed his first complaint using the standard complaint form for the State of Alabama Unified Judicial System. Doc. 1-1 at 2. When prompted to fill in

4

the request for money damages and make a short and plain statement of the claim showing his entitlement to relief, Jackson wrote that he is seeking "$20,000 +" for a "violation of civil liberties." Doc. 1-1 at 2.

A few months later, Jackson filed a motion in the state court using a standard "Pro Se Motion Form." Doc. 1-1 at 7.  In the section for what Jackson was "asking the court to do," he wrote: "As a person of color and did not arrive to this country of my own will.  I ask numerous times (concerning this case) that it be arranged for me to take refuge or asylum in another country." Doc. 1-1 at 7.  He also mentioned that "the amount limit by this court jeopardizes my safety and well-being as it refers to the issue at hand.  So instead of monetary compensation, I'm asking for the aforementioned acting I described above (which is arrangement for asylum or refuge, away from America)." Doc. 1-1 at 7.

Jackson's second complaint contains a lengthier narrative discussion and includes an attached letter from Dr. Andrew Sellers, Chief of Staff at the VA. Doc. 1-1 at 4–9 in 24-cv-1438-GMB.  In the complaint, Jackson claims "[t]here were all sorts of Rules, Due Process laws and/or Procedures, violated during the legal and/or Judicial process which were brought-about by the defendant(s) in question." Doc. 1-1 in 24-cv-1438-GMB.  He again references a "violation of his civil liberties." Doc. 1-1 in 24-cv-1438-GMB.

That alleged violation appears to center on the letter Dr. Sellers sent to

Jackson.   In it, Sellers notified Jackson that the VA's Disruptive Behavior Committee had placed a "behavior flag" in his medical file. Doc. 1-1 at 6.   The behavioral flag states:

> This patient has a history of disruptive behavior such as repeated, demanding phone calls and emails to various BVAHCS staff.  If this veterans calls BVAHCS and wants to discuss any matter other than his specific healthcare needs he shall be read this script and the call shall be terminated . . . .
>
> Caution should be exercised when interacting with the patient and any escalation of irritability or threats should be reported immediately to the VA police.

Doc. 1-1 at 6–7.  Dr. Sellers explained that this note will be visible any time the VA staff opens Jackson's medical file. Doc. 1-1 at 6.  The letter continued by explaining certain restrictions on Jackson's medical care. Doc. 1-1 at 7.

Jackson contends that this letter and the resulting restrictions violate VA regulations. Doc. 1-1 at 5.  He points to portions of the VA handbook guaranteeing veterans "the right to present grievances or complaints without fear of reprisal" and the assurance that their "right to complain will NOT result in any retaliation or the denial of treatment/service due to the fact that you voiced a concern or a complaint regarding your . . . level of care." Doc. 1-1 at 5.

Switching gears, Jackson also complains that "[t]here was a warrant put out for [his] arrest with a charge of Harassing Communication." Doc. 1-1 at 5.  But, according to Jackson, "the defend[ants] did not show up for court to support their

charges and/or allegations." Doc. 1-1 at 5.

As far as his request for relief, Jackson states: "I've come to a point where I'd prefer that there'd be some [kind] of . . . arrangement where I'd be able to speak on taking up refuge, or seeking asylum, outside of this specific country, America." Doc. 1-1 at 5–6.  He also mentions monetary relief, but states that he cannot name an amount and prefers the remedy of refuge or asylum outside the United States. Doc. 1-1 at 6.

## IV.  DISCUSSION

Even construing the *pro se* complaints liberally, the court cannot discern any claim Jackson states against the VA.  Jackson does make a blanket allegation of a "violation of his civil liberties" and at one point mentions a violation of due process. But he does not connect his factual allegations with his right to substantive or procedural due process—or any other right guaranteed by the United States Constitution.  And he does not explain how the VA violated these rights.

In short, Jackson's complaints fail to meet the standard for plausibility articulated in *Iqbal* and *Twombly*.  The complaints do not include sufficient factual matter, accepted as true, allowing the court to reasonably infer what his claim or claims for relief against the VA might be. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").  Even under the relaxed pleading

standard afforded to *pro se* litigants, Jackson fails to state a claim for which relief may be granted. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

Although the allegations of the complaint are insufficient, a district court's discretion to dismiss a complaint without granting leave to amend "is severely restrict[ed]" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks and citation omitted). Where a more carefully drafted pleading might state a viable claim, a district court should allow the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). However, a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id*. None of these exceptions apply at this point. Accordingly, the court will allow Jackson an opportunity to file an amended complaint that states a valid claim against the VA.

When amending his complaint, Jackson should take note of his obligations under the Federal Rules of Civil Procedure. As explained above, Rule 8 requires that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise,

8

and direct." And Rule 10 requires that a complaint contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Jackson's amended complaint must clearly set forth the facts concerning any incident about which he complains in separately numbered paragraphs. The amended complaint must contain a separate count for each claim that contains a factual basis for that claim only. Each count should identify: (1) the specific defendant(s) against whom the claim is asserted, and (2) the statute or law under which the claim is brought. In addition, he must (1) identify each defendant he alleges participated in the violation of his rights; (2) describe what each defendant did that amounted to a violation of his rights; (3) state when and where the incidents underlying the violation of his rights occurred; (4) describe how the acts or omissions of each defendant resulted in harm to him; (5) identify the nature of that harm (for example, loss of money, income, or property, bodily injury, or interference with his right to engage in or refrain from some activity); and (6) state the specific relief he seeks from each defendant (for example, compensatory or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses). Finally, the amended complaint must be an entire stand-alone complaint and must set forth each and every allegation and claim without reincorporating allegations and claims from any other pleading.

9

## V. CONCLUSION

For these reasons, it is ORDERED that the motions to dismiss (Docs. 2 & 13) are GRANTED.

Jackson is ORDERED to file one amended complaint bearing both case numbers on or before **February 25, 2024**. Failure to file an appropriate amended complaint by this deadline will result in the dismissal of this action for failure to state a claim and for failure to prosecute.

DONE and ORDERED on February 11, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE