UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-1235-GMB |
| | ) | |
| BIRMINGHAM VETERANS | ) | |
| AFFAIRS MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| CHRISTOPHER D. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-1438-GMB |
| | ) | |
| BIRMINGHAM VETERANS | ) | |
| AFFAIRS MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Birmingham Veterans Affairs Medical Center (the "VA") moves

to dismiss the amended complaint filed by *pro se* Plaintiff Christopher D. Jackson.

Doc. 22.[1]  Jackson responded to the motion (Doc. 26), but the VA did not file a reply

_____

[1] The docket numbers cited in this memorandum opinion and order refer to the lead case (24-cv-1235) unless otherwise specified.

despite an opportunity to do so. *See* Doc. 23.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 7; Doc. 6 in 24-cv-1438-GMB.  For the following reasons, the motion is due to be granted and all claims will be dismissed.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Similarly, Rule 10(b) requires "numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense."  The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks and citation omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th

Cir. 2008).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007).  A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.  RELEVANT BACKGROUND

In August of 2024, Jackson filed two state-court complaints against the VA. Doc. 1-1; Doc. 1-1 in 24-cv-1438-GMB.  The VA removed both actions to this court under 28 U.S.C. § 1442(a)(1), then moved for consolidation cases under Federal

Rule of Civil Procedure 42. Doc. 9; Doc. 3 in 24-cv-1438-GMB. Jackson did not oppose the motion to consolidate, and the court granted it. Doc. 10.

The VA also moved to dismiss both complaints because neither stated a claim upon which relief could be granted. Doc. 2; Doc. 8 in 24-cv-1438-GMB. Specifically, the VA argued that Jackson alleged a general "violation of civil liberties" or "due process rights" without providing any facts in support of these violations. Doc. 2 at 5; Doc. 8 at 7 in 24-cv-1438-GMB. The court agreed and dismissed Jackson's claims without prejudice but gave him an opportunity to file an amended complaint. Doc. 17. The court instructed Jackson that this new complaint must be a stand-alone pleading and should set forth each and every allegation and claim against the VA without reincorporating allegations and claims from any other pleading. Doc. 17 at 9. The court also directed Jackson to specifically identify the statutes or laws governing his claims and to sufficiently describe the incidents underlying the alleged violations of his rights. Doc. 17 at 9.

Jackson then filed an "Amended Court Document I." Doc. 18. While it did not comply with the court's guidelines for amending a complaint, the court construed this document as Jackson's amended complaint. *See* Doc. 21. The filing primarily focused on Jackson's complaints about the court's rules, but it also explained that his claim against the VA "is centered . . . on [his] arrest" during a visit to the VA. Doc. 18 at 2. Specifically, Jackson alleges that on December 21, 2018, he was

4

arrested by "a 'Lieutenant Burrow' and/or an officer 'Peebles' for what was claimed as an 'outstanding warrant.'" Doc. 18 at 2.  Jackson then argues that "general law states that if one is arrested, they are entitled to certain rights under the law"; that due process is the "most prevalent one"; and that due process "did not happen in [his] case." Doc. 18 at 2.

Jackson's amended complaint does not contain any other facts about this arrest.  It does, however, identify a document that he suspects to be in the VA's possession. *See* Doc. 18 at 2–3.  This document includes the following information: "In one of [Jackson's] calls to the VA Medical Center and/or in [his] attempts to get clarity of the information being generated," Jackson asked Lieutenant Burrow to "arrange for a visit to be evaluated by a Social Worker." Doc. 18 at 3.  Lieutenant Burrow made the necessary arrangements, and when Jackson reported to the facility to speak to the social worker, "Officer Peebles recognized [Jackson] and determined that [he] had an outstanding warrant." Doc. 18 at 3.  Officer Peebles then arrested Jackson and transported him to the Jefferson County Jail. Doc. 18 at 3.

Jackson claims the information in this document is false. Doc. 18 at 3.  But in the same breath, he also states that the document "tells everything that needs to be known about this case and/or [his] assertions and claims" and that it "clearly shows and/or infers where and/or when [his] civil liberty rights were violated and who were involved." Doc. 18 at 4–5.  He requests that the VA produce the document to him

5

and maintains that he cannot follow Federal Rules of Civil Procedure 8 and 10 in his pleadings until he is in possession of this "vital information" that "pertains to the merits of this case." *See* Doc. 18 at 4–5.

## IV. DISCUSSION

As with his previous complaints, Jackson's amended complaint makes a blanket allegation of a "violation of [his] civil liberties." *See* Doc. 17.  He adds that "general law" entitles him to "certain rights" during his arrest—specifically, the right to due process. Doc. 18 at 2.  But he does not demonstrate how his arrest at the VA violated his right to procedural due process, substantive due process, or any other right guaranteed by the United States Constitution.[2]

Relevant here, nothing in the Due Process Clause—or elsewhere in the Constitution—guarantees that a person, innocent or not, will never be arrested. *Sosa v. Martin County, Fla.*, 57 F.4th 1297, 1300–1301 (11th Cir. 2023).  Instead, the Due Process Clause of the Fifth Amendment prohibits the United States from depriving

---

[2] A claim for an unlawful arrest, which is cognizable under the Fourth Amendment, *see Harris v. City of Valdosta, Ga.*, 616 F. Supp. 2d 1310, 1329 (M.D. Ga. 2009) (citing *Albright v. Oliver*, 510 U.S. 266, 274–75 (1994)), requires the plaintiff to plausibly allege that his arrest was "'unreasonable' in that it [was] neither pursuant to a warrant nor supported by probable cause." *See Walker v. Briley*, 140 F. Supp. 2d 1249, 1257 (N.D. Ala. 2001) (citing *Marx v. Gumbinner*, 905 F.2d 1503, 1505–06 (11th Cir. 1990)).  Jackson does not bring his claims under the Fourth Amendment, and while the court must construe his complaint liberally, he does not provide any facts that would allow the court to reasonably infer that a Fourth Amendment violation occurred. *See, e.g.*, *Burgess v. Turner*, 2023 WL 7440433, at *22 (N.D. Ala. Sept. 20, 2023) (dismissing a false arrest claim where plaintiff did not allege that the arresting officers lacked probable cause to arrest him).

any person of liberty or property without due process of law. *Dusenberry v. United States*, 534 U.S. 162, 167 (2002); *see Baker v. McCollan*, 443 U.S. 137, 145–146 (1979). More specifically, a procedural due process violation occurs when the government "deprives a party of a constitutionally protected liberty or property interest through a constitutionally inadequate process," and a substantive due process violation occurs when the government "deprives a party of certain fundamental rights, regardless of the process used to effectuate that deprivation." *Frank v. Lake Worth Util.*, 464 F. App'x 802, 805 (11th Cir. 2012); *see Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1346–48 (S.D. Fla. 1998).

Jackson argues that the VA violated his due process rights, but he does not adequately allege that the VA deprived him of any protected liberty interests or fundamental rights without due process of law. In fact, he only briefly mentions the conduct by Lieutenant Burrow and Officer Peebles, and as the VA points out, he does not allege that the VA employed either officer at the time of the arrest. *See* Doc. 18 at 2–3; Doc. 22 at 7. Even if he had, he does not provide any facts that would allow the court to infer that the circumstances of his arrest deprived him of due process of law. Accordingly, Jackson does not plead any cognizable due process claim.[3]

---

[3] Even if the complaint stated a viable due process claim, the VA is a federal agency that generally enjoys sovereign immunity. *See Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015);

While *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, the court cannot rewrite Jackson's complaint to sustain a due process claim or any other claim under the Constitution. *Thomas*, 393 F. App'x at 637.  Further, despite this leniency, *pro se* litigants are not excused from complying with relevant law, rules of the court, or the Federal Rules of Civil Procedure. *July v. Terminix Intl. Co., LP*, 387 F. Supp. 3d 1306, 1313 (S.D. Ala 2019) (citing *Moon v. Newsome*, 863 F.2d 825, 837 (11th Cir. 1989)).  Because Jackson's amended complaint fails to state a claim for relief, his claims must be dismissed.[4]

## V.  CONCLUSION

For these reasons, it is ORDERED that the VA's Motion to Dismiss (Doc. 22; Doc. 17 in 24-cv-1438-GMB) is GRANTED.  The court will enter a separate order dismissing all claims in this action with prejudice.

---

*Walton v. Secy. Vets. Admin.*, 187 F. Supp. 3d 1317, 1327 (N.D. Ala. 2016).  Absent a valid waiver of sovereign immunity—and there is no evidence here of such a wavier—"the federal government is immune from lawsuits for due process violations under the Fifth Amendment." *Godfeder v. United States*, 764 F. Supp. 3d 1226, 1232 (S.D. Fla. 2025) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

[4] A district court's discretion to dismiss a complaint without granting leave to amend "is severely restrict[ed]" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks and citation omitted).  Where a more carefully drafted pleading might state a viable claim, a district court should allow the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  However, a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id*.  Jackson has attempted to cure his pleading deficiencies, and any further attempt to amend would be futile for the reasons discussed above.

DONE and ORDERED on June 24, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE